UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWAR JOAQUIN PORTILLO PONCE,

Petitioner,

v.

UNKNOWN PARTY #1 et al.,

Respondents.

Case No. 1:26-cv-2536

Honorable Jane M. Beckering

**ORDER**

This is a habeas corpus action brought by an individual detained by the United States Immigration and Customs Enforcement at the Calhoun County Correctional Facility in Battle Creek, Michigan. In an Opinion and Judgment entered on September 23, 2026, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering "Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody." (Op., ECF No. 9.) The Court further directed Respondents to file a status report within six business days of the date of the Court's Opinion and Judgment to certify compliance with Court's Opinion and Judgment. (Op. & J., ECF Nos. 9, 10.) On October 1, 2026, Respondents filed a status report, indicating that a bond hearing had been held on September 29, 2026, and that Petitioner had been denied bond. (Status

Report, ECF No. 12; Bond Order, ECF No. 12-1.) In a written order, the Immigration Judge denied Petitioner's request for bond, stating:

> The government has proven by clear and convincing evidence that [Petitioner] is a flight risk. It does not appear that [Petitioner] is eligible for any type of relief. He has articulated a fear of returning to Honduras but his fear, as stated to the Court, is not cognizable under the United States immigration laws. Perhaps most importantly, when [Petitioner] was encountered by immigration officials, as a passenger in a vehicle, he fled, running into traffic.

(Immigration Judge Order, ECF No. 12-1, PageID.76.)

Thereafter, on October 13, 2026, Petitioner filed a motion to enforce judgment in this closed action. (ECF No. 14.) In the motion to enforce judgment, Petitioner argues that as of October 10, 2026, the public docket did not display a status report from Respondents. (*Id.*, PageID.79.) Further, Petitioner alleges that at the bond hearing, bond was denied based on ICE's allegation that Petitioner fled when arrested, which Petitioner disputes. (*Id.*) In light of this, Petitioner requests, *inter alia*, that the Court order Respondents to file a status report in compliance with the Court's Opinion and Judgment, and if the Court determines Respondents failed to comply with the Conditional Judgment, to order Petitioner's immediate release or a new bond hearing. (*Id.*, PageID.80.)

With respect to Petitioner's argument regarding Respondents' failure to file a status report in this case, as set forth above, on October 1, 2026, Respondents filed a status report and a copy of the Immigration Court's bond order. Further, in the motion to enforce judgment, Petitioner seeks to challenge the determinations made at the September 29, 2026, bond hearing in the Detroit Immigration Court. However, the Court notes that the issues raised, and the relief sought, in Petitioner's initial § 2241 petition (ECF No. 1) were resolved by the Court's September 23, 2026, Opinion and Judgment and the holding of the § 1226 bond hearing in Immigration Court where

the Immigration Judge found that "[t]he government has proven by clear and convincing evidence that [Petitioner] is a flight risk." (Immigration Judge Order, ECF No. 12-1, PageID.76.)

Petitioner's challenge to the determinations made at the § 1226 bond hearing raises new claims that were not raised in Petitioner's original § 2241 petition and that were not addressed by the Court's September 23, 2026, Opinion and Judgment. Therefore, Petitioner's motion to enforce judgment (ECF No. 14) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated: October 27, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge